## MARTIN v. BLACK.

Where a receiver is put into possession of furniture and removes it, the landlord has no right to distrain upon nor will he have a preference out of its avails, the court recognizing the doctrine in *Frisbey* v. *Thayer*, 25 Wend. 396.

*Feb.* 22.
1842.

*Landlord
and tenant.
Rent.
Receiver.*

THIS was an application by John L. Graham, as landlord of premises occupied by the defendant Job L. Black, for payment of ninety-three dollars and seventy-five cents due for rent. A distress warrant had been issued on the twenty-eighth day of January, one thousand eight hundred and forty-two, and the goods of the defendant had been levied upon : but it appeared that, on the same day but prior thereto, the defendant had put the receiver in this cause in possession of the articles distrained (furniture) and the receiver had moved them from the house occupied by the defendant and had got them near to the store of an auctioneer, when the landlord's levy took place.

As there was a question in regard to the exact amount of rent due, a reference had been had ; and, on the coming in of the master's report, the motion of the landlord came on.

Mr. *Noyes*, for the applicant.

Mr. *White*, for the receiver.

*June* 14.

THE VICE-CHANCELLOR :—The recently reported case of *Frisbey* v. *Thayer*, 25 Wend. 396, seems perfectly decisive of the present application.

The landlord is not entitled to rent against a creditor of the tenant who obtains the goods and actually removes them from

the demised premises before the distress-warrant of the land-    1842.
lord is levied.   The facts of the present case bring it within    CHAMPLIN
this principle, so clearly established by the supreme court in    *v.*
relation to the construction of the statute giving to the land-    PARISH.
lord a right to follow the goods of his tenant for thirty days
after removal.

The prayer of this petition must be denied, with costs to be
taxed.